*806 OPINION
PER CURIAM.
Herman St. Claver Burrell petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal of an Immigration Judge’s (IJ’s) final removal order. We will deny the petition for review.
I.
Burrell is a native and citizen of Jamaica.[1] He entered the United States as a lawful permanent resident in 1965 at the age of 10. A.R. 595. Burrell was served with an Order to Show Cause in 1989, charging him with being deportable for having been convicted of a controlled substance violation. A.R. 703-05. Burrell’s deportation was ordered in absentia on June 4, 1991, A.R. 689-70; but the proceeding was reopened because neither Burrell nor his attorney had notice of the hearing. The proceedings were administratively closed on May 26, 1992 because Burrell was incarcerated. A.R. 674. The matter was recalendared on a motion by the Department for Homeland Security (DHS) in 2002, A.R. 670; and Burrell applied for a waiver of inadmissibility under former Immigration and Nationality Act (INA) § 212(c) [8 U.S.C. § 1182(c) ], and for cancellation of removal under INA § 240A(a) [8 U.S.C. § 1229b(a) ].[2]
A hearing was held on January 4, 2007. The IJ and attorneys for the parties went through Burrell’s rap sheet, and discussed how much time he served for each crime. (The IJ’s decision lists 20 convictions). The Government made an oral motion to pretermit Burrell’s applications, and the IJ informally heard argument on both sides. The IJ then granted the motion to pretermit, finding that Burrell’s conviction for burglaries was an aggravated felony, and that his shoplifting crimes and his probation violation involving unlawful taking were crimes involving moral turpitude. Burrell did not testify, because the IJ did not consider the merits of the applications.
Burrell filed a timely appeal to the Board of Immigration Appeals (BIA), which dismissed the appeal. The BIA held that even if Burrell were able to obtain § 212(c) relief for his state controlled substance and theft aggravated felony convictions, those same convictions would render him ineligible for cancellation of removal in conjunction with his later convictions. The BIA also rejected Burrell’s due process claim. Burrell filed a timely, counseled petition for review.
II.
When Burrell was convicted of his first crimes, INA § 212(c) granted the Attorney General discretion to waive deportation in the case of legal permanent residents who had resided in the United States for at least seven years, so long as they had served less than five years in prison for an aggravated felony. See United States v. Torres, 383 F.3d 92, 95-96 (3d Cir.2004). The Immigration Reform and Immigrant Responsibility Act of 1996 (“IIRIRA”), which became effective in April 1997, repealed § 212(c) and replaced it with § 240A. Under the current provision, the Attorney General may cancel removal of an alien who has been a legal permanent resident for not less than five years, has resided continuously in the United States for seven years after having been admit *807 ted, and “has not been convicted of any aggravated felony.” INA § 240A(a) [8 U.S.C. § 1229b(a)]; see Ponnapula v. Ashcroft, 873 F.3d 480, 486 (3d Cir.2004). In addition, an alien “who has been granted relief under section 212(c)” is ineligible for cancellation of removal. § 240A(c)(6) [8 U.S.C. § 1229b(e)(6) ].
Burrell was convicted of burglaries in 1985 and 1986, for which he served 18 months in prison. Burrell argued before the IJ that the burglaries would not have been aggravated felonies at the time they were committed, A.R. 128; but conceded that if he were ineligible for § 212(c) relief, the crimes would make him ineligible for § 240A relief because they are aggravated felonies under today’s law, A.R. 128-29. Burrell argues in his brief here that his burglary crimes are not aggravated felonies because “burglary” under New Jersey law encompasses crimes not contemplated by the INA’s aggravated felony definition. Burrell did not make this argument before the BIA; we thus may not consider it, because it is unexhausted. Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (petitioner must raise each ground for relief to preserve right to judicial review).
Burrell also argued before the Board that he should have been able to apply for § 212(c) and 240A relief simultaneously, and that 240A’s provision that a waiver cannot be granted to one who has “previously” been granted relief pursuant to § 212(c) would not apply. This Court rejected such an argument in Rodriguez-Munoz v. Gonzales, 419 F.3d 245, 247-48 (3d Cir.2005). Burrell concedes here that he cannot “stack” § 212(c) and § 240A relief, but he argues that he is eligible for § 212(c) relief for his pre-IIRIRA crimes, and that none of the crimes he committed after 1996 is a deportable offense; thus, he does not need § 240A relief. Burrell argues in his brief to this Court that his post-IIRIRA crimes do not involve moral turpitude, but, again, he did not make this argument to the BIA, and we therefore lack jurisdiction to consider it. Abdulrahman, 330 F.3d at 594-95.
Burrell did, however, argue in his brief to the BIA, as well as here, that pursuant to New Jersey law, his postIIRIRA convictions were all “disorderly persons offenses” rather than crimes, and therefore they could not be crimes involving moral turpitude. See N.J. Stat. Ann. 2C:l-4(b) (“Disorderly persons offenses and petty disorderly persons offenses are petty offenses and are not crimes within the meaning of the Constitution of this State.”).[3] This argument is without merit. The fact that New Jersey might not deem Burrell’s offenses “crimes” is not relevant; the proper inquiry is whether the offense was “a formal judgment ,of guilty of the alien entered by a court,” and whether it therefore constitutes a conviction pursuant to 8 U.S.C. § 1101(a)(48)(A). Under the plain language of the statutes, Burrell’s convictions under N.J. Stat. Ann. § 2C:20-10(d) (unlawful taking of means of conveyance);[4] § 2C:20-7(a) (receipt of stolen property) and § 2(C):20-ll(c) (shoplifting) constitute formal judgments of guilt. Cf. Acosta v. Ashcroft, 341 F.3d 218, 222 (3d Cir.2003) (state legislature cannot dictate how term “conviction” is to be construed under 8 U.S.C. § 1101(a)(48)(A)).
Burrell has not successfully challenged the Board’s implicit holding that he needs a waiver for his post-IIRIRA crimes, nor has he successfully challenged the BIA’s *808 holding that he is ineligible for cancellation of removal because he has been convicted of an aggravated felony. Because he is ineligible for relief, he is removable as charged.
Burrell’s final argument is that the IJ erred in failing to review the considerable equities in his case. But because the IJ found Burrell statutorily ineligible for relief, the IJ had no authority to consider the equities.
For the foregoing reasons, we will deny the petition for review.

. The IJ's decision notes that Burrell also claimed to be a citizen of the United Kingdom, but that he did not present proof of that citizenship. Burrell was ordered removed to Jamaica, with England as an alternative.

. In 2006, Burrell was again ordered deported for failing to appear at a hearing, but the IJ granted his motion to reopen when he provided proof that he was in the hospital on the date of the hearing. A.R. 604-05, 620.

. The BIA did not directly address this argument, but it did implicitly hold that Burrell would require cancellation of removal for his post-1996 theft convictions. A.R. 2.

. Further, it appears that under New Jersey law, Burrell's "unlawful taking of means of conveyance” conviction is a "crime” of the fourth degree.